**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PARDEEP KUMAR,<br>Petitioner,<br>v.<br>MARK BOWEN, et al.,<br>Respondents. | Case No. 5:26-cv-05144-MBK<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner Pardeep Kumar, a native and citizen of India, is currently in the custody of the Department of Homeland Security ("DHS") at the Adelanto Detention Facility. In this habeas action, Petitioner challenges his ongoing detention under the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedure Act. He asks the Court to order his immediate release from custody and enjoin Respondents from re-detaining him without constitutionally adequate procedures. Respondents failed to file a timely response to the Petition.

Accordingly, the Court grants the Petition and issues a writ of habeas corpus requiring Petitioner's immediate release.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner Pardeep Kumar is a native and citizen India who entered the United States without inspection on October 20, 2022. Dkt. 1 at 5. Following his entry, DHS briefly detained Petitioner pursuant to a Form I-200, Warrant for Arrest of Alien. *Id.* at 5-6. DHS thereafter released Petitioner on conditional parole and permitted him to reside in the United States subject to conditions of supervision. *Id.* at 6. Per the conditions of his release, Petitioner enrolled in the Alternatives to Detention ("ATD") program and was required to report to ICE as directed. *Id.*

On December 22, 2022, DHS served Petitioner with a Notice to Appear that charged him as inadmissible under INA § 212(a)(6)(A)(i) for being present in the United States without admission or parole. *Id.* Petitioner also has an asylum application pending before the Immigration Court. *Id.* Since his release, Petitioner has complied with all the terms of the ATD program and never missed a check-in with ICE, maintained employment pursuant to the work authorization he received in connection with his asylum application, and established family and community ties in the United States. *Id.* Petitioner has no criminal history. *Id.*

On September 2, 2026, Petitioner voluntarily appeared for his regularly-scheduled ICE appointment. *Id.* at 7. Prior to that appointment, Petitioner was not notified that he had violated any condition of his release, that ICE intended to return him to physical custody, or that ICE intended to detain him when he appeared for his next appointment. *Id.* at 6, 7. Upon Petitioner's appearance at the ICE office, ICE officers immediately took him into custody

without explanation. *Id.* at 7-8. Petitioner presented the officers with his valid employment authorization documentation and explained that he had a pending asylum application. *Id.* at 8. Nonetheless, Petitioner was not provided a meaningful opportunity to present evidence concerning his continued compliance with the terms of his release, employment, family ties, pending asylum proceedings, or other circumstances bearing upon whether detention was necessary. *Id.* Petitioner has never been informed of the basis for his re-detention. *Id.* at 8-9.

On September 4, 2026, Petitioner filed the instant petition for writ of habeas corpus, alleging that his detention violates his right to due process, the Immigration and Nationality Act, and the Administrative Procedure Act. *Id.* at 17-25. On the same date, the Court issued Notice of General Order 26-05 and Briefing Schedule. Dkt. 4. That Order required Respondents to file a response to the Petition no later than 7 days from the issue date of the Order, which was September 11, 2026. *Id.* To date, Respondents have not filed any response to the Petition.

The parties have consented to the jurisdiction of the undersigned Magistrate Judge. *Id.* at 6.

## II. DISCUSSION

Petitioner Pardeep Kumar argues, *inter alia*, that he is entitled to immediate release from custody because his re-detention without notice or a hearing violates procedural due process. Dkt. 1 at 17-20. Respondents have not contested the Petition.

Respondents' failure to contest Petitioner's procedural due process claim is a concession that the Petition should be granted. *See Singh v. Warden Desert View Annex, et al.*, No. 26-cv-00440-FMO-AJR, Dkt. 9 (C.D. Cal. Feb. 9,

2026) (granting petition where "the court construes respondents' failure to address petitioner's due process claim as a concession of petitioner's argument"); *Soleimani v. Larose*, No. 25-cv-3082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because, "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims"); *see also N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."; *E-M-v. Hermosillo*, No. 3:25-cv-1083-SI, 2026 WL 883776, at *1 (D. Or. Mar. 31, 2026) ("Respondents do not challenge Count Three on the merits and thus the Court finds that Respondents have waived any such challenge and conceded those aspects of Count Three of the Petition"); *Rojas v. Mullin*, No. 26-cv-1437-FMO-MAA, 2026 WL 1105039, at *1 (C.D. Cal. Apr. 17, 2026) (granting petition where "the court construes respondents' failure to address petitioner's due process claim as a concession"); *Khoury v. Noem*, No. 5:26-cv-00113-SRM-MBK, 2026 WL 846040, at *3 (C.D. Cal. Jan. 22, 2026) (granting TRO requiring the petitioner's release where "the Court construes Respondents' failure to address this argument as a concession that Petitioner is likely to succeed on the merits of this claim").

In light of Respondents' non-opposition, the Court concludes that Petitioner's ongoing detention violates due process. This Court has previously found due process requires pre-deprivation notice and a hearing when ICE seeks to re-detain a noncitizen previously released from custody. *See e.g., Sun v. Warden of Adelanto ICE Processing Center, et al.*, No. 5:26-CV-03595-MBK, 2026 WL 2058437, at *1 (C.D. Cal. July 14, 2026); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *4 (C.D. Cal.

Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026). Based on Respondents' non-opposition and the reasoning in these decisions, the Court concludes that Petitioner's re-detention violates due process.

Because Petitioner's detention has been unlawful from the outset, the Court concludes that "Petitioner's prompt release is the remedy that will best return Petitioner to the status quo and restore his position as it was prior to the" constitutional violation. *Chowdhury v. Lyons*, No. 5:26-cv-01252-MEMF-E, 2026 WL 1045562, at *7 (C.D. Cal. Apr. 13, 2026); *Movsesyan v. Bondi*, No. 5:26-cv-00875-MBK, 2026 WL 712824, at *4 (C.D. Cal. Mar. 9, 2026). "[C]ourts in this District have concluded that a post-deprivation bond hearing ordinarily 'is not an adequate substitute' for a pre-deprivation hearing." *Herman v. DHS*, No. 5:26-cv-01995-MBK, 2026 WL 1723960, at *5 (C.D. Cal. June 12, 2026) (collecting cases). This is because "the purpose of habeas remedies is to put the defendant back in the position he would have been in if the constitutional violation never occurred." *Lujan v. Garcia*, 734 F.3d 917, 935 (9th Cir. 2013) (cleaned up). *See also United States v. Stein*, 541 F.3d 130, 146 (2d Cir. 2008) (recognizing that the "[t]he appropriate remedy for a constitutional violation is one that as much as possible restores" a litigant "to the circumstances that would have existed had there been no constitutional error") (cleaned up). This principle has particular force where, as here, the protections at issue are intended to prevent an unlawful detention in the first place. *See United States v. Morrison*, 449 U.S. 361, 364 (1981) (observing "the general rule that remedies should be tailored to the injury suffered").

## III. CONCLUSION

For the foregoing reasons, the Court ORDERS that: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring

Petitioner Pardeep Kumar's (A# 246-244-888) immediate release and prohibiting Respondents from re-detaining him without first providing notice and a hearing before a neutral decisionmaker where the Government must show material changed circumstances justifying Petitioner's detention; and (3) Respondents shall file a status report no later than three (3) days from the date of this Order confirming that Petitioner has been released from Respondents' custody consistent with this order.

Dated: September 15, 2026

HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE